May I please the Court? My name is Markandeevigneshwaran. I am appearing on behalf of the Petitioner. In this case, Your Honours, the main issue is Persecutor Bah. The Judge alleged Petitioner in fact assisted in persecution. In this case, Your Honour, the Immigration Judge alleged the Petitioner assisted persecutors. Because of that reason, Petitioner is not eligible for asylum with holding of removal. The Judge and BIA cited the case Miranda Alvarez v. Gonzalez. The case is totally different from the instant case. In this instant case, the Petitioner is a minor and he was playful. He was playing with friends when the Sri Lankan army took him to interpret. He doesn't understand what was going on. Even in his testimony he said, I didn't think that involvement... by voluntarily providing translation or interpreter services. Is there any indication in the record that he did not materially aid in the persecution? Just a bystander. He is a bystander taken by the army and then he asked him to interpret. He is only 17 years old at that time. He doesn't have the mental element because he is less than. Not only that, if you look at the record, Your Honour, he is very playful. He took some food from them and they took some guns from them, hats from them. Even at one point he said, he didn't think about this involvement as a translator, as a serious matter. The whole point is this, he is a minor, he doesn't have any mental status, any menstrual to assist the persecutor. He didn't have any intention, not only the intention, he doesn't have any menstrual. He saw civilians being interrogated and he saw civilians being beaten and their fingernails pulled out if they didn't cooperate. That would seem to be all that is required under Miranda Alvarado to assist in the persecution. In Miranda, Your Honour, he was in the payroll and he was 20 years old and his performance will be assessed. So if he doesn't help, his performance will be degraded. But in this case, in the incident case, the petitioner is a bystander. He was there playing with his friends, he was 17 years old, he was taken by the army and was forced to interpret. The second thing also, when he testified, he said, even at the time the detainees did not say anything, the army tortured them. So I don't think his involvement as an interpreter, the petitioner's involvement as an interpreter would play a part in torturing the innocent people. And another reason, the immigration judge and the Board of Immigration Appeal said that the reason that they found that he assisted the army in persecution was because he had an opportunity to leave. But the petitioner testified, he couldn't leave because he was in fear that the army would treat the same way they treated, tortured the innocent people. Because of that, he couldn't leave. The immigration judge and the Board of Immigration Appeal did not consider that part of the testimony when they are making their decision. And also, the Board of Immigration Appeal, in its decision, says the immigration judge took the respondent's age into account and found that he was old enough to understand the connection between his serving as an interpreter and the torturing that followed. But immigration did not do any analysis. Why he did not believe, why he came to a conclusion, the respondent's age, he's old enough to understand the connection between his translation and the torture by the Sri Lankan army. So based on this argument, I ask... Can I ask you to help me with something? In looking at the testimony before the immigration judge, he was asked during the three-month period while you were interpreting for the army, if you would have left that place, what do you think would happen to you? His answer was, nothing would have happened to me, I would have gone off. And you had just said a couple of minutes ago that he indicated that he couldn't have gone off because of a fear that he would be treated the same way as the other individuals who were tortured. Do you have a record site? Yes, administrative record 154. Thank you. And 2155. Thank you. Thank you. Alright, thank you. That's all I have. Thanks. Good morning, your honors. Jeffrey L. Mencken, U.S. Department of Justice for the Attorney General. May it please the court. Your honors, Mr. Sahib admitted that he translated for the Sri Lankan army as it interrogated beaten and tortured civilians who were suspected of involvement with the LTTE, a terrorist group. We believe the court's decision in Miranda-Alvarado is dispositive, that the board and the immigration judge conducted exactly the type of particularized evaluation that was required, and Mr. Sahib did not meet his burden of proof otherwise, and that there is no compelling evidence that would require this court to find other than what the board concluded. If the court has, as to the bystander line that the board found that he personally and actively participated under Miranda, that is assistance in persecution. I can address any particular concerns that the court may have, but otherwise we would rest on both this court's decision in Miranda as well as the contents of our brief. I'll save this time for another case. Thank you. Well, the government is very generous. We can allocate probably about nine minutes of your extra time to others who are in greater need. I'll make a note of it, your honor. Thank you. Thank you. Matter is submitted.
judges: Whaley, Pregerson, Nguyen